### PAUL G. CALLEHAN *v.* GEO. W. STAFFORD, Executor.

A. was employed as overseer on a plantation, at the rate of one thousand dollars per year, and while engaged in his duties was conscripted by the Confederate military authorities. The owner of the plantation, by his influence, and by the payment of money and provisions, secured the release of the conscript from active duty, and had him detailed as overseer on the plantation ; *Held :—*That the treaties and arrangements entered into by the Confederate authorities to retain the overseer in his employ, were not binding on the overseer; and the owner of the plantation acquired no right of action and no subrogation against the overseer, which he could set up in defence of an action by the overseer to recover the full amount of wages due him under the contract.

Where a person has hired his services for a fixed period, and he leaves his employer before the expiration of that period, he cannot recover wages for the period which he has served, without showing that he had a just cause of complaint against his employer.

APPEAL from the District Court, Parish of Rapides, *Lewis*, J. *O. C. Manning*, for appellant. *E. North Cullum* and *Wm. A. Seay*, for appellee.

The facts are stated in the opinion of the Court.

LABAUVE, J. The plaintiff claims of the estate of Levy Stafford, $1,428 66, with legal interest, for services rendered by him as overseer, from the 1st of January, 1864, to the 5th June, 1865, at the rate of $1,000 per year, under a contract.

The answer is a general denial, and that plaintiff, being a conscript soldier, and liable to duty as such, in the Army of the Confederate States, was relieved of the onerous service by being detailed as overseer on the plantation of the deceased, until the first day of September, 1864; that, for this detail, the sum of five hundred dollars was paid, and a quantity of sugar and bacon was also furnished, in December, 1864, for the same purpose, the detail being renewed to 1st September, 1865. That the exemption from the privation and dangers of a soldier's life, and the money and provisions paid to secure that exemption, are a full discharge of any claim of plaintiff for services rendered. That the deceased, by procuring the detail of plaintiff, became entitled to his time and services during the period of the detail; and he further pleads in reconvention the payment of money, and the value of the sugar and bacon.

The District Court, after hearing the testimony, gave judgment for the whole demand in favor of plaintiff, and the defendant appealed.

The defendant has substantially proved the facts in support of his de-

fence; but we are of opinion that these arrangements and treaties, entered into by the deceased with the Confederate Government to retain the plaintiff in his employ, are not binding on the plaintiff, who was not legally bound to the so-called Confederate States, and, consequently, the deceased acquired no right of action and no subrogation against plaintiff in consequence of such payment.

But we are of opinion that the judgment is erroneous in allowing the plaintiff $428 66 for that part of the year 1865. The plaintiff was employed by the year, at $1,000, commencing on 1st of January, and he left the plantation on 5th June, 1865; the plaintiff having left before the year had expired, it was incumbent on him to show that he had a *just cause of complaint against his employer*. He has entirely failed to prove any such thing. But it is contended that Mrs. Stafford consented to his leaving, and that this is evidenced by a letter she wrote to plaintiff. We cannot infer that meaning from the letter. Civil Code, Articles 2719, 2720, 2721.

In other respects, we are satisfied that the judgment is correct.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended, so as to strike out the second part of the judgment allowing $428 66½ and interest ; and that, as amended, it be affirmed, and that the appellee pay costs of this appeal.